UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HATTIE MAE TANNER,

      Plaintiff,

v.

KATRINA BORTHWELL and VERNITA
MOSES,

      Defendants.

_____/

Case No. 07-14579

Honorable John Corbett O'Meara

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY FEES AND INTEREST**

This matter came before the court on the April 16, 2012 motion for attorneys' fees and interest filed by plaintiff Hattie Mae Tanner, an inmate in the custody of the Michigan Department of Corrections. Defendants filed a response May 3, 2012; and Plaintiff filed a reply brief May 9, 2012. No oral argument was heard. LR 7.1(f)(2)(E.D. Mich. March 1, 2010).

On March 15, 2012, a jury returned a verdict in favor of plaintiff Hattie Mae Tanner in the amount of $27,000.00, finding that she had been denied access to the courts in violation of 42 U.S.C. § 1983. The jury found defendants Katrina Borthwell and Vernita Moses liable for $20,000.00 in compensatory damages and assessed $2,000.00 in punitive damages against defendant Borthwell and $5,000.00 in punitive damages against defendant Moses.

Plaintiff files this motion for attorney fees and interest under 42 U.S.C. § 1988, as limited by the Prison Litigation Reform Act ("PLRA"). She seeks $40,500.00 in attorneys fees as well as pre-judgment interest from the date of her complaint through the date of judgment.

## LAW AND ANALYSIS

The parties agree that Tanner, a prevailing plaintiff, is allowed attorneys' fees pursuant to 42 U.S.C. § 1988(b). The PLRA, however, limits the amount in fees in prisoner civil rights suits. 42 U.S.C. § 1997e(d)(1). The total amount is capped at no more than 150% of the amount of the judgment and further limits the claimed hourly rate to 150% of the hourly rate established under 18 U.S.C. § 3006A for payment of court-appointed counsel. 42 U.S.C. § 1997e(d)(2)-(3). In this case the PLRA limits the attorneys' fees to $40,500.00.

Section 1997e(d)(2) of the PLRA also allows for a portion of the plaintiff's judgment, not exceeding 25%, to be applied to satisfy the payment of attorney's fees. However, the statute fails to provide courts with guidance for determining the percentage to be applied. Siggers-El v. Barlow, 433 F. Supp. 2d 811, 822 (E.D. Mich. 2006). The United States Court of Appeals for the Eighth Circuit has provided the following factors to consider when evaluating the proper percentage to award:

> (1) the degree of the opposing parties' culpability or bad faith, (2) the ability of the opposing parties to satisfy an award of attorneys' fees, (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances, and (4) the relative merits of the parties' positions.

Kahle v. Leonard, 563 F.3d 736, 743 (8th Cir. 2009).

In this case Defendants argue that plaintiff Tanner should pay the full 25%, or $6,750.00, because the Defendants' testimony was that they never acted in bad faith. "At worst, [Defendants] acted negligently in not pursuing Ms. Tanner's request to get her legal mail." Defs' br. at 3. However, the jury implicitly found that Defendants acted not only "intentionally," but also with "wanton[] and oppressive[] indifferen[ce]" to Plaintiff's rights. See Jury Instr. at 28. An award of punitive damages against both defendants shows that the jury intended to deter other persons acting

2

under similar circumstances.  Seven thousand dollars is not a small punitive damage award, particularly in a prisoner civil rights case.  Courts have recognized that "[r]are is the prisoner who succeeds in winning a case at all, much less winning more than nominal damages."  Farella v. Hockaday, 304 F. Supp. 2d 1076, 1081 (C.D. Ill. 2004).  Therefore, the court will assign only one dollar, a nominal portion of  Plaintiff's judgment, to satisfy the award of attorneys' fees.

The Sixth Circuit Court of Appeals has held that the decision to award prejudgment interest in Section 1983 cases is within the discretion of the trial court.  EEOC v. Wooster Brush Co. Employees Relief Ass'n, 727 F.2d 566, 579 (6th Cir. 1984).  Plaintiff Tanner seeks interest from October 26, 2007, when she filed her complaint, to March 27, 2012, when judgment was entered. However, unlike in an employment discrimination case such as Wooster, Defendants did not deprive Tanner of money she would have otherwise had in the absence of their conduct.  Therefore, the court will deny the request for prejudgment interest.

## ORDER

It is hereby **ORDERED** that Plaintiff's motion for attorneys' fees and interest is **GRANTED** as to attorneys' fees in the amount of $40,499.00, and **DENIED** as to prejudgment interest.


s/John Corbett O'Meara
United States District Judge

Date:  March 19, 2013


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 19, 2013, using the ECF system.


s/William Barkholz
Case Manager

3